# Continental Passenger Railway Co. of Phila., Appellant, *v.* Philadelphia Rapid Transit Co.

*Lease—Covenant to pay taxes assessed on real estate—Taxation, dividends, earnings, etc.—Federal income tax—War excess profits tax—Street railways—Corporations.*

A covenant in a lease of a street railway to pay and distribute among the stockholders of the lessor a certain amount per annum on each share of stock, and also to pay "all taxes......assessed on

the said real estate, franchises, stock, dividends, earnings and license fees on each car," does not include any taxes assessed against the lessor, such as the federal income tax, and the war excess profits tax.

Argued Jan. 14, 1919. Appeal, No. 241, Jan. T., 1919, by plaintiff, from judgment of C. P. No. 3, Philadelphia Co., in favor of defendant in the case of the Continental Passenger Railway Company of Philadelphia v. Philadelphia Rapid Transit Company. Before BROWN, C. J., MOSCHZISKER, FRAZER, WALLING and KEPHART, JJ.

Assumpsit for recovery of the amount of federal income tax and war excess profits tax paid by plaintiff and based upon covenants of a lease. Before MCMICHAEL, P. J., and FERGUSON and DAVIS, JJ.

Judgment was entered for defendant for reasons stated in an opinion by FERGUSON, J.:

The covenants which are binding upon the defendant in this case require the defendant as agent for the plaintiff to pay and distribute among the stockholders of the plaintiff a certain amount per annum on each share of stock, and also to pay "all taxes......assessed on the said real estate, franchises, stock, dividends, earnings and license fees on each car."

Whether the amount which the defendant is required to pay to the stockholders of the plaintiff company is to be regarded as dividends or as rental for the demised property the effect is the same. It cannot be said to have been contemplated by the parties that the covenant to pay taxes included those dividends however they be regarded. This case in our judgment comes within the ruling of Catawissa R. R. Co. v. Phila. & Reading Ry. Co., 255 Pa. 269, in which it was held that a similar covenant to pay taxes assessed "on the demised premises or on the business there carried on, or on the receipts, gross or net, derived therefrom......or upon the capital stock of the Catawissa company or the dividends thereon, for the payment or collection of any of which

said taxes the Catawissa company may otherwise be or become liable or accountable under any lawful authority whatever," was not imposed upon the rental received by the lessor from the lessee. The covenant in this case does not provide that the lessee shall pay any taxes which may be assessed upon the lessor on account of its dividends or earnings, and the doctrine of the Catawissa case in our opinion clearly applies. In fact it cannot be said to provide for the payment of any taxes assessed on the lessor.

Judgment for the defendant.

Judges McMichael and Davis concur in this opinion.

Plaintiff appealed.

*Error assigned* was the judgment of the court.

*George Wharton Pepper,* for appellant.—A tax on income is a tax on the parts of income: Pollock v. Farmers' Loan and Trust Company, 158 U. S. 601; Van Beil v. Brogan, 65 Pa. Superior Ct. 384; North Pennsylvania R. R. Co. v. Phila. & Reading Ry. Co., 24 D. R. 133, affirmed 249 Pa. 326.

The lessee must pay any taxes that might be levied upon any of the parts or sources of plaintiff's income subject to the federal income tax: North Penna. R. R. Co. v. Phila. & Reading Ry. Co., 249 Pa. 326; Catawissa R. R. Co. v. Phila. & Reading Ry. Co., 255 Pa. 269; Van Beil v. Brogan, 65 Pa. Superior Ct. 384.

*Ellis Ames Ballard,* with him *Edward Hopkinson, Jr.,* for appellee.—This case falls directly under the decision in Catawissa R. R. Co. v. Phila. & Reading Ry. Co., 255 Pa. 269.

These dividends are not the thing upon which the income and excess profits taxes are imposed: Rensselaer, etc., R. Co. v. Irwin, 239 Fed. 739; Rensselaer, etc., R. Co. v. Delaware & Hudson Co., 168 N. Y. App. Div. 669, affirmed 217 N. Y. 692.

PER CURIAM, February 17, 1919:

The judgment in this case is affirmed on the opinion of the learned court below directing it to be entered.